# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CA ACQUISITION, LLC d/b/a CHICAGO AEROSOL,<br><br>  Plaintiff,<br><br>  v.<br><br>KEY BRANDS INTERNATIONAL, LTD.,<br><br>  Defendant. | No. 15 C 5753<br>Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Plaintiff CA Acquisition, LLC d/b/a Chicago Aerosol ("Chicago Aerosol") alleges that Defendant Key Brands International, Ltd. ("Key Brands") submitted eight purchase orders for various haircare products to Chicago Aerosol and then accepted, but refused to pay for, over $550,000 worth of products. In a six-count counterclaim, Key Brands asserts that it has no obligation to pay Chicago Aerosol because the products were defective and seeks damages for, among other things, loss of goodwill and loss of future business.

Specifically, Key Brands alleges claims for Breach of Oral Contract (Count I), Negligence (Count II), Breach of Implied Warranty of Merchantability (Count III), Breach of Implied Warranty of Fitness for Particular Purpose (Count IV), Breach of Express Warranty (Count V), and Declaratory Judgment (Count VI). This matter is presently before me on Chicago Aerosol's motion to dismiss counts I, II, IV, and VI of Key Brands' counterclaim under Rule 12(b)(6). For the following reasons, I am granting this motion in part and denying it in part.

## LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint or counterclaim. *Christensen v. Cty. of Boone, Ill.*, 483 F.3d 454, 457 (7th Cir. 2007); *Cozzi Iron &*

*Metal, Inc. v. U.S. Office Equipment, Inc.*, 250 F.3d 570, 574 (7th Cir. 2001) (applying the same standard in reviewing a motion to dismiss a counterclaim as with a motion to dismiss a complaint). Under the federal notice pleading standards, a complaint or counterclaim "need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008); *see also* Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts alleged, and draw all possible inferences in the plaintiff's favor. *Tamayo*, 526 F.3d at 1081.

## DISCUSSION

The current dispute is governed by California law. *See Wilkes v. AccuStaff, Inc.*, 42 F. Supp. 2d 842, 844 (N.D. Ill. 1999) (Federal courts sitting in diversity must apply the choice-of-law rules in the state in which they sit, and Illinois courts look to the place of negotiating, contracting, performance, location of the subject matter, and residence of the parties to determine the choice-of-law in contractual disputes).

**I.      Breach of Oral Contract Claim (Count I)**

The elements of a claim for breach of contract, whether written or oral, are "(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." *Reichert v. General Ins. Co. of Am.*, 68 Cal. 2d 822, 830 (1968); *see also Grant v. Aurora Loan Servs., Inc.*, 736 F. Supp. 2d 1257, 1266 (C.D. Cal. 2010). To defeat a motion to dismiss, Key Brands must have pled facts to support each element of its breach of contract claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (noting the requirement to plead factual matter sufficient to *show* claimant is entitled to relief).

2

Here, Key Brands has successfully alleged facts that support each element of its breach of contract claim. According to the counterclaim, Chicago Aerosol orally promised to manufacture goods for Key Brands conforming to the Descriptions, Formulas, Specifications and Requirements, and Approved Samples, as defined in the Counterclaim. Based on these oral promises, Key Brands alleges that it purchased goods from Chicago Aerosol, making Chicago Aerosol its primary aerosol hairspray producer. To the extent Key Brands did not pay for purchased goods, Key Brands alleges that such performance was excused by Chicago Aerosol's conduct in supplying defective goods. Lastly, Key Brands has alleged that it suffered damages as a result of Chicago Aerosol's breach, including damages from customers' demands for refunds, customers' refusal to pay Key Brands for the defective goods, customers' refusal to do further business with Key Brands, loss of goodwill, and loss of future business and profits.

Because Key Brands has successfully met the pleading requirements set forth in *Iqbal*, I am denying Chicago Aerosol's motion with respect to Count I.

## II.  Negligence Claim (Count II)

Chicago Aerosol argues that Key Brands' tort claim fails because California follows the economic loss doctrine, which bars tort claims arising from a breach of contract. *See Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004). Under the economic loss doctrine, a party who suffers a loss pursuant to contract cannot generally recover tort damages for inadequate value, repair and replacement of a defective product, or lost profits in connection with the defective product. *Id.* "Under the rule, a plaintiff may recover in tort only where he or she can allege personal injury or "damage to 'other property,' that is, property *other than the product itself.*" *Nada Pacific Corp. v. Power Eng'g and Mfg., Ltd*, 73 F. Supp. 3d 1206, 1221 (N. D. Cal. 2014) (citing *Jimenez v. Superior Court*, 29 Cal. 4th 473, 482-83 (2002))

(emphasis in original).

Where parties occupy a "special relationship" as specifically outlined in a six-part test, however, the economic loss doctrine will not bar recovery for solely economic losses in a negligence action. *J'Aire Corp. v. Gregory*, 24 Ca1.3d 799 (1979); *see also Ott P. Alfa Laval Agri, Inc.*, 31 Cal. App. 4th 1439, 1448 (1995). According to the California Supreme Court, this "'special relationship' depends on (1) the extent to which the transaction was intended to affect the plaintiff; (2) the foreseeability of harm to the plaintiff; (3) the degree of certainty that the plaintiff suffered injury; (4) the closeness of the connection between the defendant's conduct and the injury suffered; (5) the moral blame attached to the defendant's conduct and (6) the policy of preventing future harm." *See J'Aire Corp. v. Gregory*, 24 Ca1.3d 799 (1979) (aff'd by *Ales-Peratis Foods International, Inc. v. American Can Co.*, 163 Cal. App. 277 (1985)).

Here, Key Brands has not asserted facts to support the existence of a special relationship. To establish Chicago Aerosol's actions were "intended to affect" Key Brands within the meaning of the first prong of the *J'Aire* test, Key Brands was required to allege facts that show Chicago Aerosol had "actual knowledge" that its conduct would affect Key Brands in a way materially different than an ordinary purchaser. *See Zamora v. Shell Oil*, 55 Cal. App. 4th 204, 212 (1997). Key Brands, however, has not alleged that Chicago Aerosol could or should have foreseen any specific economic injury above that which any distributor of aerosol products would suffer following receipt of a similarly defective product. I am therefore granting Chicago Aerosol's motion with respect to Count II.

**III.** **Breach of Implied Warranty of Fitness for Particular Purpose Claim (Count IV)**

A breach of the implied warranty of fitness for a particular purpose claim requires that, at the time of contracting, (1) the purchaser intends to use the goods for a particular purpose, (2)

the seller has reason to know of that particular purpose, (3) the buyer relies on the seller's skill or judgment to furnish goods for that particular purpose, and (4) the seller has reason to know that the buyer is relying on such skill or judgment. *See T & M Solar and Air Conditioning, Inc. v. Lennox International, Inc.*, 83 F. Supp. 3d 855, 877 (N.D. Cal. 2015); *see also Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1021 (N.D. Cal. 2014).

To meet the particular purpose element, a plaintiff must establish that the goods at issue are intended for a use other than their ordinary purpose:

> A particular purpose differs from the ordinary purpose for which the goods are used in that it envisages a specific use by the buyer which is peculiar to the nature of his business, whereas the ordinary purposes for which goods are used are those envisaged in the concept of merchantability and go to uses which are customarily made of the goods in question . . . To state a claim for breach of the implied warranty of particular purpose, the plaintiff must identify a particular purpose for which he obtained the product at issue.

*T & M Solar*, 83 F. Supp. at 877.

Key Brands has failed to state a particular purpose for the aerosol cans at issue that is any different than the ordinary purpose of any other aerosol hairspray can. Without a particular purpose, Key Brands cannot maintain a breach of implied warranty for a particular purpose claim. I am therefore granting Chicago Aerosol's motion with respect to Count IV.

## IV. Declaratory Judgment Claim (Count VI)

In California, a party cannot sustain a claim for declaratory relief "where an adequate remedy exists under some other cause of action." *Mangindin v. Washington Mut. Bank*, 637 F. Supp. 2d 700, 707 (N.D. Cal. 2009). In its counterclaim, Key Brands seeks a declaratory judgment that (1) "The Defective Products are defective," (2) "The Defective Products manufactured by Chicago Aerosol for Key Brands caused Key Brands to suffer the Key Brands

Damages," and (3) "Key Brands is not indebted to Chicago Aerosol with respect to invoices from Chicago Aerosol to Key Brands for the Defective Products."

As Chicago Aerosol correctly points out, all of the issues surrounding Key Brands' claim for declaratory judgment are consistent with the relief Key Brands seeks through its other causes of action, specifically the relief that it seeks in Count I of its counterclaim. I am therefore granting Chicago Aerosol's motion with respect to Count VI.

## CONCLUSION

Chicago Aerosol's motion is granted in part and denied in part. Counts II, IV, and VI of Key Brands' Counterclaim are dismissed. Although I do not think that all of these deficiencies are curable, I am granting Key Brands leave to amend.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: February 4, 2016